This is the case of Ryan Sheetum v. Cook County State's Attorney's Office, 1918-1996. You have the 1st District, 2nd Division appellate court before you, containing Cynthia Cobb, Terry Lavin, and James Fitzgerald Smith. The following procedure is the way we're running this show. First, the appellant makes their argument, and it's not interrupted. And then after you've completed your argument, the justices will ask you some questions. After that, the appellate makes his argument, and again, the justices will ask some questions. And finally, the appellate will do her closing, and if there's any questions, they'll be made then. So with that in mind, you may proceed. Thank you. So yes, the argument for this case is a bit disjointed, considering our appellant brief was filed prior to the Johnson case that came down from the Illinois Supreme Court, which kind of changed the math on all of this. Prior to Johnson, all the precedent analysis of whether the big three civil rights were restored and then how that aligns with the Gun Control Act, whether that allows for Section 10 relief to be granted. But I believe with Johnson, the Supreme Court lays it out pretty clearly that that analysis goes out the window. Paragraph 30 in Johnson states pretty succinctly that the three rights analysis is not sustainable in Illinois anymore. And they come to three conclusions. They even number them because they're pretty sound conclusions that, one, firearms are a civil right. Two, Illinois has a mechanism to restore individually those rights. And three, Section 10 relief constitutes a sufficient restoration of those rights. I mean, they lay it out pretty black and white that if you have a conviction that takes away your firearm rights, Section 10 relief is an available remedy to restore those rights. Now, in Appellee's brief references, Johnson attempts to distinguish by saying Johnson, which was a conviction for misdemeanor domestic violence, is somehow fundamentally different than Cheatham's, which is a felony conviction. But that's a distinction without real difference because the entire point is that laid out in Johnson is that if your firearm rights are taken away, that is enough. We don't have to even look at any other rights. The distinction used to matter prior to Johnson because for a misdemeanor domestic violence case, there were no rights that were taken away, so nothing could be restored. But that analysis doesn't matter now. Now, I mean, ultimately, it's a question of interpreting Illinois law, like the Illinois law incorporates the federal law. But how do we read the Illinois law is determined by what the Supreme Court precedent says. And they lay out in very clear terms that this is an available remedy. The biggest obstacle to that prior to that was the evidence precedent, which is a case that's still in flux. I mean, that case will be is before the Supreme Court right now. And that decision will come somewhere down the line. But that will likely be in line with their Johnson decision as well. Now, the potential issue point out in a police brief is whether the. The interpretation of looking at. Essentially foregoing a lot of the federal analysis, if whether the that renders the fourth factor of Section 10 C superfluous, the one that says the would have to be granting relief is not contrary to federal law. Now, that was added as 2013 amendment. So clearly there was some intention put in there. The legislature would not add something without reason. But even under Johnson, even under the Johnson analysis, that that amendment still carries weight because it's would still apply for situations where someone has an out of state conviction. That would be a firearm prohibitor. Illinois can't restore those rights because they would have to come from the convicting jurisdiction. So that prior to the amendment, Illinois could issue a FOIA card and someone could have their firearm rights in Illinois. But subsequent to the 2013 amendment, if someone has an out of state conviction, Illinois still cannot restore those firearm rights. However, if it's an Illinois conviction, they can't. So, I mean, essentially. Yeah, as far as the. All the analysis of whether the civil rights, the big three civil rights. I mean, I still think that would hold up because for felony situations. But I mean, in Johnson, this report made it pretty well established that that's not relevant anymore. So I would just be my argument. All right. Any questions? What relief are you requesting for Mr. Cheatham's firearm rights to be restored and issued a FOIA card under Section 10 C of the FOIA Act. So outright reversal, no remand, nothing. No hearing. Correct. Because the entire basis of the appeal of the denial and then the appeal is the federal law question, the fourth factor. The other three factors that pertain to the individual appropriateness of granting relief to Mr. Cheatham were never in dispute on the appeal. Why is it that a locksmith needs to bear an arm? Because in order to get his licensing for being a locksmith, he has to get his perk card. And to get your perk card, you have to have a FOIA card. It's kind of a multi tiered licensing process that starts with firearm rights. Well, what if he weren't trying to be a locksmith? Let's say you just wanted to remain a carpenter. Would he, under your view of the law, be entitled to get the card and hold a gun? Yes. Well, because it's the it's not solely based on his career. It's also for personal safety, as is from Heller has been determined by the U.S. Supreme Court is a individual right to for personal safety. I mean, in his work, he is often out where he lives is not in the safest neighborhood. And he's often in areas that he comes home late at night and his personal safety is a concern. So having that firearm would be something that would be for personal safety as well. That's all I have. Any questions? You've summarized pretty much what the Johnson case indicates. And I would ask Jennifer to address that case if you're up on it, because that seems to be the key other than the PLA has been accepted on the Evans case. So those are the two cases that kind of highlight this issue. So, Jennifer, you can go ahead. Yes, Your Honor. Assistant State's Attorney Jennifer King on behalf of the Pele. In referencing your questions, I'll first start with Johnson. Plaintiff does argue that Johnson is applicable here and notes that there's really no distinction between a misdemeanor and a felony. However, misdemeanors and felonies are treated differently under law under the law. Legislatures have already decided to treat them differently by categorizing offenses as misdemeanors or as felonies. Additionally, the Johnson case is contemplating how to restore the rights of someone who committed a misdemeanor and did not lose their civil rights that are typically considered by the courts. When determining whether civil rights have been restored in the context of 18 U.S.C. 921 820, that is distinguishable from this case where Mr. Cheatham has been convicted of felony, felony offenses and has lost. And I think your second question was to address Evans and the fact that the PLA has been granted. Yes. So, yes, we understand that the PLA has been granted in Evans. However, the Evans decision was correct. It applied the law and interpreted the law as it was written and applied it to this. At this point, there has been no change in the law that would alter the. The interpretation in the application to this present case. Can I answer any other questions? I just have the one question and it does relate back to Johnson. But there is really no distinction or is there between the definition of civil rights being restored as it relates to a misdemeanor or felony or is there a difference? Are you asking, is there a difference under the federal statute regarding the exemption to the federal prohibitor for misdemeanors and felonies? Well, our court relying on those two cases, Heller and a second case seem to define or understand that the definition of civil rights restored or civil rights included possession of a gun. So my question is whether civil rights restored differs, whether it's a misdemeanor or felony. Runner in terms of a misdemeanor, and I think this is what the Johnson case was grappling with the fact that the courts do look at the right to vote, the right to hold office and sit in a jury. And someone who is convicted of a misdemeanor offense does not does not necessarily lose those rights. I understand that the analysis does not stop there, but you must then look to determine how the convicting jurisdiction restores rights. And I think to directly answer your question, each state has the power to decide how they would like to restore rights and can differ as it relates to a misdemeanor and a felony offense. I'm not sure if the case law has noted that that they should that civil rights restored looks, it would look different for a misdemeanor than it does for a a felony offense, just by nature of how the loss and restoration of the related to the two separate offenses. Does that answer your question? The court in Johnson limit its holding holding as it relates to defining civil rights to limit its holding to misdemeanors or was the holding a little more broad, rather than that. Your Honor, our position is that the Johnson Johnson decision is limited to a misdemeanor offense, they, the discussion was majorly based on how to restore the rights of a person who does not lose certain civil liberties as, as is the case with someone with a felony conviction. Why, why would just just off the top of your head, why would the phrase civil rights differ regardless differ because of the type of offense mean what civil rights are civil rights, just, just why would you think it would differ. Let me walk it back a little bit, I don't think that necessarily that they differ I think that the path to restoration may differ depending on the offense. And that is up to the legislature to decide how they would like to to provide for someone with a misdemeanor offense to have their particular rights restored and someone with a felony offense to have their civil rights restored and for instance, someone with a misdemeanor offense may not serve any time in prison. They don't lose the right to vote or and I don't think they ever lose the right to hold office. And so we've already the legislature has already made a distinction between rights that are lost for one type of offense versus another type of offense. And so it would follow that the restoration of a firearm right would differ the path to restoration would differ for a misdemeanor offense versus a felony offense. So, as I understand it, your civil rights differ, depending on whether you are convicted of a misdemeanor or felony. I would say your civil the loss and restoration of your civil rights differ the civil rights that are lost would differ between the misdemeanor and a felony offense and the path for restoration may look differently, depending on your offense. Thank you. Brian, you can make your argument. Yes, I would disagree with that analysis, because there's no basis for it. There's nothing in Johnson that would where they describe different paths, they don't make any determination or distinction I should say between misdemeanor within Johnson. The statute doesn't differentiate for like in Section 10, I should say, the void Act doesn't differentiate between misdemeanor felony as far as different processes like it specifically enumerates different types of felonies that are able to go through this process when it just establishes the distinction between the two, there are two paths but it's not based on misdemeanor felony it's based on the nature of the offense and whether you go through the state police director to grant relief or whether you go through the circuit court. That's the only distinction that's made in the void Act, and that specifically list different types of felonies that are that go on the circuit court track rather than on the state police track. So if this list of cases within the void Act includes felonies that means that the legislature clearly intended that this relief is available for these types of felonies. It's just hard for me to accept that we're looking at a person with four felonies, and his civil rights are being abridged by not being able to have a gun so he can be a locksmith, that's that's a hard sell for me. But that would be unrelated to the, the question of the, the fourth factor, the, the one of federal law, and how that interplays with the void Act. Correct. Anything further. Okay. All right, thank you both. You both made very interesting arguments. And as the cases point out this isn't clear one way or the other, it seems to have all sorts of little doors to it. So, we'll make our decision in the next week or two, and then you'll hear the results your briefs were very well done.